## Case No. 1,599.

### In re BOGERT et al.

[2 N. B. R. 585 (Quarto, 178);[1] 1 Chi. Leg. News, 342.]

District Court, S. D. New York. May 8, 1869.

BANKRUPTCY — POWERS OF REGISTER — EMPLOYMENT OF WATCHMAN TO GUARD PROPERTY.

The bankrupts surrendered their property to the register, who appointed a watchman to guard and keep it, and submitted a report of his action to the district judge for approval, who ordered United States commissioner to take testimony as to the facts.

[Cited in Re Carow, Case No. 2,426; Re Brinkman, Id. 1,884.]

[In bankruptcy. In the matter of Bogert and Evans. Heard on the register's certificate, which was as follows:]

I certify that upon the receipt by me of the reference and schedules in the above entitled matter, I was requested, by the attorney for the petitioners, to appoint a suitable and proper person to take charge of the effects of the petitioners at once, as persons were then removing property from the store; the sheriff threatened to remove certain other portions thereof; other persons claimed that they were entitled to certain other portions of the property. I immediately visited the store of the petitioners, found a large amount of property in the store, and various claimants of the same. I immediately sent for and appointed a fit and proper person as keeper and watchman, and made the order in the case, dated December 31st, 1868 (appointing Mulligan watchman), deeming such appointment, under the circumstances, as absolutely necessary to keep and protect the property, until it could be turned over to the assignee. Such has been the uniform practice in this district, and the Case of Hasbrouck [Case No. 6,189] has, as I understand, been uniformly followed. I consider this case as one in which it was my imperative duty to appoint a keeper and watchman, it being a case in which many of the creditors, and those having the largest amounts, requested me to keep a watchman there continuously until the assignee went into possession. there being a conflict between the creditors. The rendition of the services is not disputed by the assignee, and I have made the order of the 6th May, 1869. under section four, bankrupt act, and the Case of Hasbrouck, as above cited. I was personally liable for this property; the attachments had been vacated by the state courts; the sheriff only had a right to the fees due him. I did not dare risk thirty thousand dollars worth of property to any sheriff. I was, for my own safety, as well as for the creditors. in duty bound to protect that property, as I did by appointing a watchman.

John Fitch, Register.

[1] [Reprinted from 2 N. B. R. 585 (Quarto, 178), by permission.]

BLATCHFORD, District Judge. Enter an order in this case referring it to Joseph Gutman, Jr., United States commissioner, to take testimony and report it, as to the matters involved in the within papers, on notice to both the assignee in bankruptcy and Mulligan.